**FILED**
**United States Court of Appeals**
**Tenth Circuit**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 11, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

COBEN A. MCRAE,

    Defendant - Appellant.

No. 21-3173
(D.C. No. 6:16-CR-10043-JWB-1)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Coben A. McRae has appealed from his sentence despite the appeal waiver in

his plea agreement.  The government now moves to enforce that waiver under *United*

*States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

McRae's counsel responds that he is aware of no non-frivolous argument for

overcoming the waiver, and he has moved to withdraw.  *See Anders v. California*,

386 U.S. 738, 744 (1967).  We gave McRae an opportunity to file a pro se response

by January 11, 2022.  When we received no response by that date, we sua sponte

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

extended his deadline to February 1, 2022.  As of today, the court has received nothing.

Our first question when faced with a motion to enforce an appeal waiver is "whether the disputed appeal falls within the scope of the waiver."  *Hahn*, 359 F.3d at 1325.  Here, the waiver embraces "the sentence imposed in this case, except to the extent, if any, the [district court] imposes a sentence in excess of the sentence recommended by the parties under [Federal Rule of Criminal Procedure] 11(c)(1)(C)."  Mot. for Enf't of Appeal Waiver, Attach. A ("Plea Agreement") ¶ 10.  The exception does not apply because the district court adopted the parties' sentencing recommendation.  *Compare id.* ¶ 3 (enumerating the agreed-upon Rule 11(c)(1)(C) sentence), *with* R. vol. 1 at 168 (judgment).  Thus, the appeal falls within the waiver's scope.

We next ask "whether the defendant knowingly and voluntarily waived his appellate rights."  *Hahn*, 359 F.3d at 1325.  Here, the plea agreement states as much, *see* Plea Agreement ¶¶ 10, 15–16, and the district court confirmed as much during the plea colloquy, *see* Mot. for Enf't of Appeal Waiver, Attach. B at 38–39.

Finally, we ask "whether enforcing the waiver would result in a miscarriage of justice."  *Hahn*, 359 F.3d at 1325.  We have reviewed the record and can locate no latent argument that might satisfy this high standard.  We further note that, to the extent McRae might believe he received ineffective assistance of counsel, his appeal waiver does not bar him from pursuing a collateral attack on that issue.  *See* Plea Agreement ¶ 10.

2

In sum, we find this appeal falls within McRae's appeal waiver and no other *Hahn* factor counsels against enforcement of the waiver. We therefore grant McRae's counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss this appeal.

Entered for the Court
Per Curiam